UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUTTERFIELD HEALTH CARE, INC.,
d/b/a MEADOWBROOK MANOR OF
BOLINGBROOK,

                Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION, *et
al.*,

                Defendants.

Civil Action No. 23-2775 (CJN)

## <u>ANSWER</u>

Defendants Small Business Administration ("SBA") and Isabella Casillas Guzman, in her official capacity as Administrator of the Small Business Administration,[1] by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff Butterfield Health Care, Inc., d/b/a Meadowbrook Manor of Bolingbrook.  All allegations in the Complaint, including the relief sought, are denied except when specifically admitted.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant respectfully refers this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendant admits, denies, or otherwise avers as follows:

---

[1]     Because there is only one agency at issue, Defendants Small Business Administration and SBA Administrator Guzman will respond as the singular "Defendant" in this answer to avoid confusion.

1.      This paragraph purports to characterize the nature and purpose of the CARES Act, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the CARES Act for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

2.      This paragraph consists of a purported excerpt of and characterization of the CARES Act and a court ruling, which speak for themselves and are the best evidence of their contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the CARES Act and court ruling for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

3.      This paragraph purports to characterize the nature and purpose of the CARES Act, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the CARES Act for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

4.      This paragraph purports to characterize and describe the CARES Act and agency regulation, which speak for themselves as to their legal effect and are the best evidence of their contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the laws for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

5.      Defendant lacks knowledge or information sufficient to form a belief about the allegations as to the characterization of Plaintiff.

6.      For the first sentence of Paragraph 6, Defendant admits that Plaintiff applied for a Paycheck Protection Program loan from Midland States Bank in the amount of 2,201,640 USD. Defendant denies that it approved the loan. Defendant avers that it guaranteed the loan, which

Midland States Bank approved on reliance on the Plaintiff's representations that Plaintiff was eligible. For the second sentence of Paragraph 6, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this sentence. For the third sentence of Paragraph 6, Defendant admits that Plaintiff applied for loan forgiveness on August 18, 2020, and lacks knowledge or information sufficient to form a belief about the remaining allegations in this sentence.

7.     Defendant admits that it issued a Final Loan Review Decision dated March 23, 2022. The rest of this paragraph purports to describe and characterize the Final Loan Review Decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the Final Loan Review Decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8.     Defendant admits that Plaintiff appealed the Final Loan Review Decision to the Office of Hearings and Appeals ("OHA") and that OHA upheld the Final Loan Review Decision. Defendant further admits that Plaintiff requested reconsideration and that the OHA again upheld its decision and the Final Loan Review Decision. The rest of this paragraph purports to describe and characterize each of the foregoing legal filings and decisions, which speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the filings and decisions for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.[2]

---

[2]     In the Complaint, Plaintiff often refers to the "Administrative Record," which appears to be the administrative record that the SBA filed for Plaintiff's administrative appeal with OHA. This administrative record is distinct from the Administrative Record that the SBA will be providing in this federal litigation under the Administrative Procedure Act.

9.      This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant states that the regulation speaks for itself and is the best evidence of its contents and Defendant denies any allegations inconsistent therewith.

10.     Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

11.     Defendant admits that the Small Business Administration is a federal agency. The remainder of this paragraph consists of Plaintiff's characterizations of federal law, which speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the law for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits that Isabella Casillas Guzman is the current Administrator of the U.S. Small Business Administration and that Plaintiff purports to sue her in her official capacity.

13.     This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the Administrative Procedure Act and SBA regulations, but otherwise denies the statements in this paragraph.

14.     This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

15.    This paragraph does not contain allegations but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

16.    This paragraph purports to characterize the nature and purpose of the CARES Act, which speaks for itself and its legal effect and is the best evidence of its contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the CARES Act for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17.    This paragraph purports to characterize the nature and purpose of the CARES Act, which speaks for itself and its legal effect and is the best evidence of its contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the CARES Act for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

18.    This paragraph purports to characterize the nature and purpose of federal rules, which speak for themselves and their legal effects and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the rules for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

19.    This paragraph consists of purported excerpts of and characterizations of agency rules, which speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the agency rules for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

20.    This paragraph consists of purported excerpts of and characterizations of agency rules, which speak for themselves and are the best evidence of their contents. To the extent that a

response is deemed required, Defendant respectfully refers the Court to the agency rules for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

21.    This paragraph consists of characterizations of the CARES Act and agency rules, which speak for themselves and their legal effect and are the best evidence of their contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the CARES Act and agency rules for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

25.    For the first sentence of Paragraph 25, Defendant states that it lacks knowledge or information sufficient to form a belief about the allegations in this sentence. The second sentence does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this sentence.

26.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

27.    Most of this paragraph consists of a purported excerpt of and characterization of a legal document, which speaks for itself and its legal effect.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the legal document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The rest of this paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in the remainder of this paragraph.

28.    The second sentence of this paragraph purports to characterize a legal document, which speaks for itself and its legal effect.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the legal document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The remainder of the paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in the remainder of this paragraph.

29.    This paragraph consists of a purported excerpt of and characterization of Illinois law, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the Illinois law for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

31.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

32.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

33.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

34.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

35.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

36.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

37.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

38.     Defendant lacks knowledge or information sufficient to form a belief about the intent of third parties that is alleged in sentences two and three. The remainder of this paragraph

does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

39.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

40.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

41.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

42.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

43.    The first three sentences of this paragraph do not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in these sentences. The remainder of this paragraph consists of purported descriptions and characterizations of two declarations attached to the complaint as exhibits, which speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to those declarations for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

44.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

45.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

46.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

47.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

48.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

49.     Defendant denies that Plaintiff met the alternative size standards for eligibility. Defendant avers that Plaintiff did not provide the necessary information for SBA to evaluate its eligibility based on the alternative size standards.

50.     Defendant admits that Plaintiff sent a loan application to its lender for a loan in the amount of 2,201,641 USD on April 14, 2020. Defendant denies that it approved the loan. Defendant avers that Plaintiff's lender, on reliance of the representation that Plaintiff was eligible, approved the loan on April 28, 2020. Defendant admits that the loan was disbursed the following day.

51.    Defendant admits that Plaintiff applied for full forgiveness on August 18, 2020, and submitted a corrected forgiveness application on December 2, 2020, which applications speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to those applications for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief about the use of the loan funds; Defendant did not issue a final determination on the use of PPP loans because it found the Plaintiff ineligible.

52.    Defendant admits that it requested additional information from Plaintiff. Defendant denies that Plaintiff provided all requested information.

53.    This paragraph consists of a purported excerpt of and characterization of the OHA's administrative record, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the OHA's administrative record for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

54.    This paragraph consists of a purported excerpt of and characterization of the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the administrative record for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

55.    Paragraph 55 does not contain allegations of fact but rather a characterization of the entities to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

56.    This paragraph consists of a characterization of the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the administrative record for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

57.    Defendant admits that it issued a Final Loan Review Decision on March 23, 2022. The rest of this paragraph purports to describe and characterize the Final Loan Review Decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

58.    Defendant admits that Plaintiff filed an appeal in OHA on April 25, 2022. The rest of this paragraph purports to describe and characterize the appeal submissions, which speak for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal submission for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

59.    SBA admits that it filed the OHA's administrative record on June 17, 2022. The remainder of this paragraph consists of a characterization of purported communications and filings from the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the administrative record for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

60.    Defendant admits that OHA issued a decision on September 6, 2023. The remainder of this paragraph consists of a purported excerpt of and characterization of the OHA decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the

Court to that OHA decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

61.    Admit.

62.    This paragraph purports to describe and characterize the Petition for Reconsideration of the Initial Decision and Motion for Leave to File a Supplemental Pleading, which speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to that petition and motion for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

63.    Defendant admits that on October 11, 2022, OHA granted Plaintiff's Motion for Leave to File a Supplemental Pleading and issued an Order to Show Cause directing the SBA to show why the appeal should not be remanded for further consideration. Defendant further admits that on October 18, 2022, Defendant filed a response to Plaintiff's submissions.

64.    Defendant admits that on October 20, 2023, OHA issued a decision on the petition for reconsideration, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

65.    This paragraph purports to describe and characterize the OHA decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

66.    This paragraph consists of a purported excerpt of and characterization of a regulation, which speaks for itself and is the best evidence of its contents. Defendant respectfully

refers the Court to the regulation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

67.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

68.    The first sentence consists of a purported excerpt of and characterization of a regulation, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the regulation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The second sentence does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this sentence. The third sentence does not contain allegations of fact but rather Plaintiff's characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to seek review of a final agency action pursuant to the Administrative Procedure Act and otherwise denies the statements in this sentence.

69.    Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

70.    This paragraph consists of a purported excerpt of and characterization of the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the Act for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

71. Denied as to the first sentence. The second sentence consists of a purported excerpt of and characterization of the OHA decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

72. This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

73. This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

74. This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

75. This paragraph consists of Plaintiff's characterization of the relief requested, which requires no response. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendant further denies the remainder of the allegations in this paragraph.

76. Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

77. The first sentence consists of descriptions and characterizations of the SBA's and OHA's decisions, which speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to those

decisions for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant denies the second sentence.

78.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

79.     This paragraph consists of descriptions and characterizations of two declarations attached to the complaint as exhibits, which speak for themselves and are the best evidence of their contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to those declarations for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

80.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

81.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

82.     The first sentence purports to describe and characterize Illinois law, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the Illinois law for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The second sentence does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this sentence.

83.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

84.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

85.    This paragraph consists of a characterization of the OHA decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

86.    This paragraph consists of a purported excerpt of and characterization of agency regulation and rulemaking, which speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the rulemaking and regulation for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

87.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

88.    Deny.

89.    Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

90.    This paragraph consists of a characterization of the OHA decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that

decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

91.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

92.     This paragraph consists of a purported excerpt of and characterization of a regulation, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the regulation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

93.     The first and fourth sentences of the paragraph do not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in these sentences. The second and third sentences purport to describe two declarations attached to the complaint as well as an excerpt from a court ruling, which speak for themselves and are the best evidence of their contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the declarations and court ruling for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

94.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

95.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

96.    The first sentence consists of a purported excerpt of and characterization of the OHA decision, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that decision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The second sentence consists of a reference to and characterization of a regulation, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that regulation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

97.    This paragraph consists of a purported excerpt of and characterization of a regulation and a Federal Register citation, which speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the regulation and Federal Register citation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

98.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

99.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

100.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

101.    Deny.

102.    Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

103.    The first sentence consists of a purported excerpt of and characterization of an agency statement, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the purported agency statement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The second sentence does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this sentence.

104.    This paragraph consists of a purported excerpt of and characterization of an agency statement, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the agency statement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

105.    The first sentence consists of descriptions and characterizations of a letter and documentation that Plaintiff submitted to Defendant, which speak for themselves and are the best evidence of their contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. As for the second sentence, Defendant denies that Plaintiff submitted a completed Form 3511.

106.    This paragraph consists of a description and characterization of the OHA's administrative record, which speaks for itself and is the best evidence of its contents.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the OHA's administrative record for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

107.    Deny.

108.    Defendant denies that it reached a final agency decision that Plaintiff was eligible. This remainder of the paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in the remainder of this paragraph.

109.    This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

110.    Deny.

111.    Defendant admits that OHA issued an Order to Show Cause and that Defendant responded on October 18, 2022. The rest of this paragraph consists of a purported excerpt and characterization of the order and response, which speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the order and response for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

112.    Deny.

113.    Deny.

### REQUEST FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiff's request for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the

facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation:

## FIRST DEFENSE

The denial of Plaintiff's application for loan forgiveness is not arbitrary or capricious, an abuse of discretion, or otherwise contrary to law.

## SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: January 17, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Christina O'Tousa*
    CHRISTINA O'TOUSA, D.C. Bar #241667
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2437
    christina.o'tousa@usdoj.gov

*Attorneys for the United States of America*